MICHAEL J. McCUE (NV Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
Otter Products, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANKE GROUP INDUSTRIAL LIMITED, a Chinese corporation,<br><br>Defendants. | **DECLARATION OF JOHN McKINNEY IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR AN *EX PARTE* TRO AND SEIZURE ORDER WITHOUT NOTICE AND FOR A PRELIMINARY INJUNCTION** |

I, John McKinney, declare under penalty of perjury under U.S. law as follows:

1. I am employed by Plaintiff Otter Products, LLC dba OtterBox as the manager of brand protection. I have personal knowledge of the following facts, either based on my own perceptions or review of company documents or the reference documents provided to me. I am competent to testify.

*Background Anke and CES*

2. The Consumer Electronics Show ("CES") is the largest consumer electronics trade show in the world with more than 150,000 attendees. Attached as **Exhibit A** is a true and correct copy of the Attendee Audit Summary Results for the 2012 CES. Exhibitors attend the show to, among other things, generate business and develop and maintain business relationships with key accounts.

3. Defendant Anke Group Industrial Limited ("Anke") is a Chinese company based

1  in Shenzen, China. According to its website at <ak-mobile.com>, Anke manufactures spare parts and accessories, including protective cases, for mobile electronic devices, including, for example, iPhones, iPads, and Blackberrys.

4.  Anke is currently attending the 2013 CES show in Las Vegas, Nevada, which runs from January 8-11, 2013. Earlier today, I personally visited Anke's booth (#52022) in the "iLOUNGE Pavilion" at the LVH hotel (formerly the Las Vegas Hilton). Anke indicated that it is accepting orders for products. In its booth, Anke is exhibiting and offering for sale several cases for portable electronic devices, although I did not seek any of the counterfeit or infringing cases at issue on display. In my experience, it is not uncommon for counterfeiters to avoid displaying counterfeit products at U.S. trade shows, although in some cases they have images of the products on computers or samples hidden from view. In any event, as indicated in Paragraphs 13-20 below, Anke is offering to sell counterfeits of several OtterBox products through its website at <ak-mobile.com>.

5.  It is my belief that Anke may possess evidence at CES that will not be preserved unless it is seized from Anke during CES. Anke has no known regular presence in the United States. When CES ends on January 11, 2013, Anke will leave the United States with its sales records and other evidence. Once the show is over, Anke will have accomplished its purpose and will leave the United States to fulfill its orders from its safe haven in China.

6.  One of OtterBox's challenges and a significant threat to its market is the manufacture and sale of counterfeit products. Like other companies, OtterBox's efforts to stop the manufacturing and sale of counterfeit products in China has had limited success. Accordingly, in the rare circumstances in which a Chinese counterfeiter, like Anke, comes to the United States to attend a trade show, it is imperative for us to use the opportunity to effect personal service of a civil action to stop the illegal sales of counterfeit merchandise, and to seize evidence that can be used to, among other things, identify the individuals and companies that are purchasing the counterfeit products for distribution and sale to consumers. Attached as **Exhibit B** is a true and correct copy of an article by Sebastian Wright entitled "Keeping Trade Fairs 'Fair,'" from the International Trade Administration, U.S. Dept. of Commerce. The article

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

discusses the importance of stopping counterfeiting at trade shows.

7. If Anke is provided with advance notice of this motion and the requested seizure order, there is a significant likelihood that Anke will remove or destroy evidence. Indeed, Anke is engaged in willful trademark counterfeiting by using OtterBox's trademarks on counterfeit products. Anke's blatant disregard for OtterBox's intellectual property rights demonstrates an unwillingness to comply with U.S. law and the likelihood that, upon notice of this action, Anke will either destroy evidence or remove the evidence from the U.S., never to return. Attached as **Exhibit C** is a true and accurate copy of a report entitled "Customers and Border Protection, Intellectual Property Rights Seizure Statistics for 2011." According to the report, China, which is Anke's home country, continues to be the number one source country for counterfeit and pirated goods seized, accounting for 62% of the total domestic value of seizures.

8. OtterBox's reputation will be harmed if Anke is allowed to continue to manufacture and sell counterfeit products because OtterBox will be unable to effectively police the market and enforce its intellectual property rights. It is difficult to earn respect in the marketplace among competitors if intellectual property rights are not enforced by the courts. If OtterBox cannot effectively enforce its patent and trademark rights against Anke while Anke is present in the United States attending CES, its patents and trademarks will be of little value in the marketplace.

*Background on OtterBox*

9. OtterBox was founded in 1998 by current Chairman Curtis ("Curt") Richardson in his garage in Ft. Collins, Colorado. In that garage, Mr. Richardson created a first of its kind prototype of a waterproof case. The OtterBox waterproof product line was a rapid success, and soon OtterBox was creating waterproof cases, as well as specially designed cases for electronic products that allow users to protect their devices without sacrificing access to the device's controls or hampering use of the device.

10. Over the past fourteen (14) years, OtterBox has become a leader in the production of premier protective solutions for global handheld device manufacturers, wireless carriers, and distributors. Incorporating creativity and cutting-edge design into every product, OtterBox

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

creates sleek and durable cases that offer reliable device protection. OtterBox's products have won several awards, including About.com's "Best Mobile Case Brand" award, National Geographic's "Gear of the Year Award," the United States Postal Services' "Creative Business Solutions Award," and TESSCO Technology's "Innovator Award." In addition, OtterBox has been honored as one of the fastest growing companies in the nation based on revenue, coming in at No. 85 on the annual "Inc. 500" ranking, and as a creator of jobs in the national ranking of Inc.'s "Hire Power Awards" in December, 2012.

11. OtterBox designs, manufactures and sells protective cases for portable electronic devices, such as smart phones and tablets, for many popular brands, such as Apple, BlackBerry, Nokia, Samsung, and Sony. OtterBox offers several series of cases (Defender, Commuter, Reflex, Prefix, Impact, and Pursuit series) with different levels of protection against water, dust, drops, shocks, and scratches, and different features. For example, for iPhone 4S phones, OtterBox offers cases in four different series ranging in price from $19.95 to $59.95. OtterBox sells its products direct to consumer and through retail distributors throughout the world, including North America, South America, Asia and Europe.

*OtterBox's Trademarks in Suit*

12. OtterBox has been using the OTTERBOX trademark for cases for portable electronic device cases since 1998. Based on its exclusive and extensive use of the OTTERBOX mark for fourteen years, OtterBox has acquired common law rights in the OTTERBOX mark. In addition, OtterBox owns three (3) U.S. trademark registrations for the OTTERBOX word mark (one with a space between "OTTER" and "BOX"), including: (1) an incontestable registration covering "[n]on-metal, water-tight containers for outdoors recreational use" in International Class 28 (U.S. Reg. No. 2,287,619); (2) a registration for "[p]rotective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers" in International Class 9 (U.S. Reg. No. 3,788,535); and (3) a registration for "[p]rotective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers" in International Class 9 (U.S. Reg.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-4-

No. 3,788,534). Attached as **Exhibit D** are true and correct copies of these federal trademark registrations.

### *Anke's Sale of Counterfeit Products*

13.     Anke maintains an interactive website at <http:///www.ak-mobile.com>, on which Anke displays its various products. Attached as **Exhibit E** are true and accurate screen shots of Anke's website. The website is interactive in that it includes a contact form/guest book and a link for accessing live online help. Anke's website indicates that it accepts payment via Western Union, HSBC, Bank of China, and Money Gram International. Anke also indicates that it ships its products via FedEx, DHL and UPS, among others.

14.     On its website, Anke purports to offer numerous OTTERBOX brand cases for iPhones and other devices. Attached as **Exhibit F** is a true and correct copy of a screenshot showing products that Anke claims are OtterBox products as indicated by use of the OTTERBOX Marks in the product descriptions. Based on my review of the website, I have determined that at least the OtterBox products identified in the following paragraphs are counterfeit. .

15.     <u>Example 1</u>: Attached as **Exhibit G** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the **OTTERBOX CASE FOR iPHONE 5**. Red circles have been added to this exhibit (and other referenced below) to identify uses of the OTTERBOX mark and other key parts of the image. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name, in the product description, on packaging, and on the product shown. The product shown is clearly counterfeit because the genuine packaging for the OtterBox product has an olive green stripe at the bottom, not the blue stripe shown on Anke's packaging.

16.     <u>Example 2</u>: Attached as **Exhibit H** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the **OTTERBOX PROTECTOR CASE FOR iPHONE 4S WITH BELT CLIP**. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name and the product description. The products shown are not genuine OtterBox products because they are shown in colors not offered by

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

OtterBox and they are missing the OtterBox mark.

17. Example 3: Attached as **Exhibit I** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the OTTERBOX PROTECTOR CASE FOR iPHONE 4S, 2 IN 1 CASE WITH BELT CLIP. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name, in the product description, and on the product itself. The products shown are not genuine OtterBox products because they are in colors not offered by OtterBox and they are missing the OtterBox mark.

18. Example 4: Attached as **Exhibit J** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the OTTERBOX DEFENDER CASE FOR iPHONE 4G-4S WITH CLIP. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name. The products shown are not genuine OtterBox products because they are in colors not offered by OtterBox and they are missing the OtterBox mark. In addition, the design of the cases shown is also slightly different than genuine OtterBox products.

19. Example 5: Attached as **Exhibit K** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the **iPHONE 5 OTTERBOX CASE SMOOTH SURFACE**. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name and product description. The Anke cases shown here are not genuine OtterBox products -- they are similar to the genuine OtterBox cases but are slightly different in design and are missing the OtterBox mark.

20. Example 6: Attached as **Exhibit L** is a true and correct copy of a printout of the webpage on Anke's website on which it displays a product referred to as the **iPHONE 5 OTTERBOX CASE DOT PATTERN**. As shown in the exhibit, Anke uses the OTTERBOX Mark in the product name and product description. The Anke cases shown here are not genuine OtterBox products -- they are similar to the genuine OtterBox cases but are slightly different in design and are missing the OtterBox mark.

21. All of the products identified in Exhibits F-L are protective cases that fall within the scope of the goods covered by OtterBox's trademark registrations, namely, "[p]rotective cases for handheld electronic devices, namely, portable music players, portable video players,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

1  cell phones and computers; specially adapted protective carrying cases for computers."

2  Dated:  January 8, 2013					JOHN McKINNEY

3

4							/s/ John McKinney
							Signature