MICHAEL J. McCUE (NV Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
Otter Products, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado limited liability company,<br><br>             Plaintiff,<br><br>      v.<br><br>ANKE GROUP INDUSTRIAL LIMITED, a Chinese company,<br><br>             Defendants. | Case No. 2:13-cv-00029-MMD-PAL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

## I.     BACKGROUND

On January 8, 2013, Plaintiff OTTER PRODUCTS, LLC ("OtterBox") filed a motion for an *ex parte* Emergency Temporary Restraining Order, Seizure Order, and Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Lanham Act (15 U.S.C. § 1116), the Patent Act (35 U.S.C. § 283), and Local Rule 7-5.  OtterBox alleged that Defendant Anke Group Industrial Limited ("Anke") was offering to sell products that violated OtterBox's intellectual property rights, including counterfeit OtterBox products bearing a counterfeit of the OTTERBOX trademark on Anke's website at <ak-mobile.com>.  OtterBox further alleged that, from January 8-11, 2013, Anke was exhibiting its products at the 2013 Consumer Electronics Show ("CES") in Las Vegas, Nevada.

On January 8, 2013, the Court granted Plaintiff's Emergency Motion for an *Ex Parte* TRO and Seizure Order Without Notice.  (Dkt. Nos. 3, 10.)  The Court's order provided, among

other things, that Anke was to file and serve any opposition to OtterBox's Motion for a Preliminary Injunction on or before January 16, 2013 at 12:00 p.m., and that OtterBox was to file and serve any reply in support of its Motion for a Preliminary Injunction on or before January 18, 2013. (Dkt. No. 10 at 9, ll. 9-12.) The Court's order scheduled OtterBox's Motion for Preliminary Injunction for hearing on January 24, 2013 at 11:00 a.m. (*Id*. at 9, ll. 6-8.)

To date, Anke has not filed any opposition or other paper opposing OtterBox's Motion for Preliminary Injunction. By minute order dated January 23, 2013, the Court vacated the January 24, 2013 hearing on OtterBox's Motion for Preliminary Injunction." (Dkt. No. 14.)

## II.     LEGAL STANDARD

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III.    FINDINGS AND CONCLUSIONS

The Court, having duly considered OtterBox's Complaint, emergency motion, and the declarations and exhibits submitted therewith, hereby makes the following findings and conclusions:

1.  OtterBox is likely to succeed on the merits of its trademark counterfeiting claim under 15 U.S.C. §§ 1114 and 1116. OtterBox owns valid federal trademark registrations for the OTTERBOX marks including: (1) an incontestable registration covering "[n]on-metal, water-tight containers for outdoors recreational use" in International Class 28 (U.S. Reg. No. 2,287,619); (2) a registration for "[p]rotective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted

protective carrying cases for computers" in International Class 9 (U.S. Reg. No. 3,788,535); and (3) a registration for "[p]rotective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers" in International Class 9 (U.S. Reg. No. 3,788,534) (collectively, the "OTTERBOX Marks").

2. OtterBox is likely to succeed on its claim that Anke is using counterfeits of the OTTERBOX Marks on counterfeit OtterBox products. OtterBox is likely to succeed on its claim that Anke is using the OTTERBOX marks in commerce, including in connection with displaying and offering such products for sale in the United States markets, at least through Anke's website. OtterBox is likely to succeed on its claim that Anke has offered to sell products bearing the OTTERBOX marks on counterfeit OtterBox products in the United States. Anke has indicated that it has "lots" of customers in the United States markets and that the Americas constitute Anke's main markets.

3. OtterBox is also likely to succeed on the merits of its patent infringement claim. OtterBox owns design patents bearing numbers D641,013 and D638,005. OtterBox is likely to succeed on its claim that Anke is offering for sale in the United States products that infringe the '005 and '013 patents, based on the ordinary observer test.

4. Absent a preliminary injunction, Anke's promotion of, offers for sale, and/or sale of its counterfeit and infringing products are likely to result in immediate and irreparable injury to OtterBox in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with OtterBox's ability to exploit the OTTERBOX Marks and design patents. Further, because Anke has no presence in the United States, it may be difficult or impossible for OtterBox to enforce a money judgment against Anke.

5. The harm to OtterBox in denying the requested preliminary injunction outweighs the harm to the legitimate interests of Anke from granting OtterBox such relief.

6. The public interest weighs in favor of granting OtterBox the requested preliminary injunction.

7. OtterBox has deposited $10,000 with the Clerk of the Court as security for the

1  payment of any damages Anke may be entitled to recover as a result of the wrongful entry of a
2  preliminary injunction against Anke.  The Court finds that, particularly in light of Anke's failure
3  to appear and oppose OtterBox's motion for preliminary injunction, that the amount of $100 is
4  sufficient security.

**IV.   PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED** that, pending a trial on the merits, Anke, and its officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with any of them including, without limitation, third parties providing services used in connection with Anke's operations and websites owned or controlled by Anke (including, without limitation, the website at <ak-mobile.com>), including, Internet service providers ("ISPs"), domain name registries, domain name registrars, banks and other financial institutions, merchant account providers and payment processors (such as PayPal, Inc., Western Union), and any other payment processing service having knowledge of this Order by service or actual notice ("Restrained Parties") are hereby temporarily enjoined and restrained from:

a.   Using any reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks in commerce including, without limitation: (i) by selling, offering for sale, distributing, promoting, or advertising any good or service in connection with such reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks; (ii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks on the website accessible through the <ak-mobile.com> domain name or any other website owned or controlled by Anke or that display Anke's products (collectively, the "Enjoined Websites"); or (iii) by displaying any reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks at any trade show in the United States, including but not limited to, at any future Consumer Electronics Show;

b.   Manufacturing, using, selling, offering to sell, or importing into the United States, portable electronic device cases embodying designs that are the same as or substantially similar to the designs claimed in U.S. Patent Nos. D641,013 and D638,005, including, without limitation, by: (i) offering to sell and selling such products to individuals or companies in the

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3252333.1

United States through the Enjoined Websites or otherwise; or (ii) offering to sell or selling such products at any trade show in the United States, including, but not limited to, at any future Consumer Electronics Show;

    c.    Processing any payment (regardless of how the payment is made) for the sale of any the accused products identified or encompassed in Paragraphs a. and b. above; and

    d.    Transferring, moving, destroying, or otherwise disposing of: (i) any of the accused products identified or encompassed in Paragraphs a. and b. above; or (ii) any evidence of Anke's illegal activities, including, without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, Flash Drives, cell phones, PDAs, hard disk drives, laptop computers, memory cards, etc.), relating to any use or infringement of the OTTERBOX Marks or any use or infringement of the OtterBox Design Patents, except pursuant to the below Seizure Order (collectively, "Evidence").

**IT IS HEREBY FURTHER ORDERED** that, in accordance with 15 U.S.C. § 1116(a) and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the Restrained Parties, shall, upon the written request of OtterBox's counsel and within ten (10) business days after receipt of such request, provide OtterBox's counsel with copies of all documents and records in such person or entity's possession, custody, or control relating to:

    a.    The identities of Anke and its agents, servants, employees, confederates, and any persons acting in concert or participation with them;

    b.    The locations and addresses of Anke's operations including the location and addresses of Anke's agents, servants, employees, confederates, and any persons acting in concert or participation with them;

    c.    The Enjoined Websites;

    d.    Any financial accounts owned or controlled by Anke, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan institutions, payment processors, or other financial institutions, including without limitation,

PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party payment processors, and credit card associations.

**IT IS HEREBY FURTHER ORDERED** that, in accordance with 15 U.S.C. § 1116(a) and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Anke and the other Restrained Parties shall: (A) immediately locate all financial accounts connected to or associated with sales made by Anke, including through the Enjoined Websites; (B) immediately refrain from transferring or disposing of any money or other of Anke's assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further order of the Court; and (C) provide notice of compliance to OtterBox's counsel within ten (10) business days of receipt of notice of this Order.

**IT IS HEREBY FURTHER ORDERED,** that the Clerk of the Court shall forthwith refund to OtterBox $9,900 of the $10,000 OtterBox has placed on deposit with the Clerk of the Court by mailing a check in the amount of $9,900 made payable to OtterBox's counsel, LEWIS AND ROCA LLP, addressed to Michael J. McCue, Esq., Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada 89169.

ENTERED THIS  25th  th day of January, 2013.

_____
**MIRANDA M. DU**
**UNITED STATES DISTRICT JUDGE**