MICHAEL J. McCUE (NV Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
Otter Products, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANKE GROUP INDUSTRIAL LIMITED, a Chinese company,<br><br>Defendants. | Case No. 2:13-cv-00029-MMD-PAL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

Presently before the Court is Plaintiff's Motion For Default Judgment And Permanent Injunction. The Court, having considered Plaintiff's motion, the accompanying memorandum of points and authorities, the Declaration Of Jonathan W. Fountain In Support Of Plaintiff's Motion For Default Judgment And Permanent Injunction, the exhibits attached thereto, the papers and pleadings on file in this case, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion For Default Judgment And Permanent Injunction is GRANTED.

1.  **Default Judgment**

THE COURT FINDS that Defendant Anke Group Industrial Limited ("Anke") was regularly and personally served with the Summons and Complaint in this action but has failed to appear and answer the Complaint within the period prescribed by law, that the default of Anke was duly entered by the Clerk of the Court on March 21, 2013, and that Plaintiff Otter Products,

1  LLC ("OtterBox") is entitled to affirmative relief against Anke. Based upon the foregoing
2  findings, and good cause appearing therefore;
3      IT IS HEREBY ORDERED that Plaintiff Otter Products, LLC be awarded judgment
4  against Defendant Anke Group Industrial Limited on Plaintiff's Complaint, as follows:
5      a.    Statutory damages in the amount of $2,000,000;
6      b.    Attorneys' fees in the amount of $38,285;
7      c.    Costs in the amount of $850; and
8      d.    Post-judgment interest on the principal sum at the judgment rate from the date of
9      entry of the Judgment until paid in full.

10  **2.    Permanent Injunction**

11      IT IS HEREBY FURTHER ORDERED that, Anke, and its officers, agents, servants,
12  employees, confederates, attorneys, and any persons acting in concert or participation with any
13  of them including, without limitation, third parties providing services used in connection with
14  Anke's operations and websites owned or controlled by Anke (including, without limitation, the
15  website at <ak-mobile.com>), including, Internet service providers ("ISPs"), domain name
16  registries, domain name registrars, banks and other financial institutions, merchant account
17  providers and payment processors (such as PayPal, Inc., Western Union), and any other payment
18  processing service having knowledge of this Order by service or actual notice ("Restrained
19  Parties") are hereby permanently enjoined and restrained from:
20      a.    Using any reproduction, counterfeit, copy, or colorable imitation of the
21  OTTERBOX Marks in commerce including, without limitation: (i) by selling, offering for sale,
22  distributing, promoting, or advertising any good or service in connection with such reproduction,
23  counterfeit, copy, or colorable imitation of the OTTERBOX Marks; (ii) by displaying any
24  reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks on the website
25  accessible through the <ak-mobile.com> domain name or any other website owned or controlled
26  by Anke or that display Anke's products (collectively, the "Enjoined Websites"); or (iii) by
27  displaying any reproduction, counterfeit, copy, or colorable imitation of the OTTERBOX Marks
28  at any trade show in the United States, including but not limited to, at any future Consumer

Electronics Show;

b. Manufacturing, using, selling, offering to sell, or importing into the United States, portable electronic device cases embodying designs that are the same as or substantially similar to the designs claimed in U.S. Patent Nos. D641,013 and D638,005, including, without limitation, by: (i) offering to sell and selling such products to individuals or companies in the United States through the Enjoined Websites or otherwise; or (ii) offering to sell or selling such products at any trade show in the United States, including, but not limited to, at any future Consumer Electronics Show;

c. Processing any payment (regardless of how the payment is made) for the sale of any of the accused products identified or encompassed in Paragraphs a. and b. above; and

d. Transferring, moving, destroying, or otherwise disposing of: (i) any of the accused products identified or encompassed in Paragraphs a. and b. above; or (ii) any evidence of Anke's illegal activities, including, without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, Flash Drives, cell phones, PDAs, hard disk drives, laptop computers, memory cards, etc.), relating to any use or infringement of the OTTERBOX Marks or any use or infringement of the OtterBox Design Patents (collectively, "Evidence").

IT IS HEREBY FURTHER ORDERED, that, in accordance with 15 U.S.C. § 1116(a) and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the Restrained Parties, shall, upon the written request of OtterBox's counsel and within ten (10) business days after receipt of such request, provide OtterBox's counsel with copies of all documents and records in such person or entity's possession, custody, or control relating to:

a. The identities of Anke and its agents, servants, employees, confederates, and any persons acting in concert or participation with them;

b. The locations and addresses of Anke's operations including the location and addresses of Anke's agents, servants, employees, confederates, and any persons acting in concert or participation with them;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

     c.     The Enjoined Websites; and

     d.     Any financial accounts owned or controlled by Anke, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan institutions, payment processors, or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party payment processors, and credit card associations.

IT IS HEREBY FURTHER ORDERED, that, in accordance with 15 U.S.C. § 1116(a) and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Anke and the other Restrained Parties shall:

     a.     Immediately locate all financial accounts connected to or associated with sales made by Anke, including through the Enjoined Websites;

     b.     Immediately refrain from transferring or disposing of any money or other of Anke's assets, including not allowing such funds to be transferred or withdrawn and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further order of the Court; and

     c.     Provide notice of compliance to OtterBox's counsel within ten (10) business days of receipt of notice of this Order.

**3.    Refund of Security Deposit**

IT IS HEREBY FURTHER ORDERED, that the Clerk of the Court shall forthwith refund to OtterBox the remaining $100 of the $10,000 OtterBox initially placed on deposit with the Clerk of the Court by mailing a check in the amount of $100 made payable to OtterBox's counsel, LEWIS AND ROCA LLP, addressed to Michael J. McCue, Esq., Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, Nevada 89169.

ENTERED THIS 31st day of October 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE